IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TRAVIS LEVY, #13928                                                                PETITIONER

VS.                                                       CIVIL ACTION NO.  3:05cv447-TSL-FKB

CHRISTOPHER EPPS, ET AL.                                                       RESPONDENTS

REPORT AND RECOMMENDATION

This matter is before the Court on Travis Levy's Petition for Habeas Corpus relief, filed pursuant to 28 U.S.C. § 2254.   For the reasons explained below, the undersigned recommends that the petition be dismissed with prejudice.

I. FACTS AND PROCEDURAL HISTORY

Petitioner Levy is currently serving consecutive sentences of forty (40) years and thirty (30) years in the custody of the Mississippi Department of Corrections pursuant to sentences he received in the Leake County Circuit Court and Neshoba County Circuit Court.  Levy was convicted of one count of armed robbery in Leake County Circuit Court on September 12, 1994, and he was convicted of one count of armed robbery in the Neshoba County Circuit Court on March 23, 1995.  State's Exhibits A and B.  Both of these convictions and sentences were affirmed on direct appeal.  See State's Exhibits C and D.  Subsequently, Levy filed petitions for habeas corpus relief in this Court regarding these convictions.  See Civil Action Nos. 3:00cv117-WHB-AGN and 4:00cv102-TSL-AGN.  This Court dismissed both petitions with prejudice.

In the present petition, Levy does not attack his convictions on the charges of armed robbery. Instead, his claims stem from his grievance related to "Trusty Earned Time" and restoration of good time. In essence, Levy claims that he has been denied good time credits or trusty earned time during his sentences even though other prisoners convicted of similar crimes with mandatory sentences were allegedly able to accrue good time credits.  Petition at 3c.  He alleges that the MDOC had granted him approximately fourteen years of "Trusty Earned Time," but after an audit, the records manager revoked

the "Trusty Earned Time" because she determined that it had been awarded in error.  Petition at 3b.  Levy argues that the revocation violated his liberty interests and due process rights.

In an effort to correct this perceived injustice, Levy first sought relief at the state level through the three-step Administrative Remedy Program, which denied him relief on February 9, 2004.  State's Exhibit E.  Levy pursued his grievance to the Circuit Court of Sunflower County, which dismissed his case with prejudice on August 27, 2004.  State's Exhibit G.  Levy filed a Notice of Appeal in the Circuit Court and moved to proceed *in forma pauperis*, which the Circuit Court denied.  Petitioner's Exhibit L.  Levy pursued an appeal to the Mississippi Supreme Court, also asking for permission to proceed *in forma pauperis* on appeal, but the Mississippi Supreme Court denied his request to proceed without payment of appeal fees.  Petitioner's Exhibit D.  Pursuant to Mississippi Rule of Appellate Procedure 2(a)(2), the Mississippi Supreme Court ultimately dismissed his appeal for failure to pay costs on November 30, 2004.  State's Exhibit F; Petitioner's Exhibit E.

Thereafter, on July 5, 2005, Levy returned to the Circuit Court of Sunflower County and filed a "Petition for Motion to Show Cause/Habeas Corpus on Newly Discovered Evidence."   The Circuit Court again denied relief on October 7, 2005, stating that pursuant to Williams v. Puckett, 624 So. 2d 496 (Miss. 1993), and Miss. Code Ann. § 47-5-139(1)(e), the Mississippi Department of Corrections stopped granting inmates earned time on the mandatory portion of armed robbery sentences as of May 14, 1992.  State's Exhibit G.  There is no evidence in the record that Levy appealed the Circuit Court's dismissal of his "Petition for Motion to Show Cause/Habeas Corpus on Newly Discovered Evidence."

In the meantime, however, Levy filed the present petition in this Court, challenging the revocation of his Trusty Earned Time. On Levy's motion, this Court stayed the action pending the decision of the State courts on Levy's Petition for Motion to Show Cause/Habeas Corpus on Newly Discovered Evidence.  The matter is now ready for review.

II. DISCUSSION

In its Answer, the State asserts that the Petitioner has failed to present this claim to the State's highest court in a procedurally proper manner.  Accordingly, the State argues Levy has failed to exhaust state remedies, and his claims are not properly before this Court in a federal habeas petition.  See 28 U.S.C. § 2254 (b)(1); O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  In his traverse, Levy asserts that he attempted to appeal the first denial of his claim in state court, but the Mississippi Supreme Court denied him leave to proceed *in forma pauperis*, thus effectively denying his appeal and his ability to exhaust. He does not address his failure to appeal the October 7, 2005, ruling of the Circuit Court of Sunflower County.

It is well settled that applicants seeking federal habeas relief under section 2254[1] are required to exhaust all claims in state court prior to requesting federal collateral relief.  See Edwards v. Carpenter, 120 S.Ct. 1587 (2000); Coleman v. Thompson, 501 U.S. 722, 729-55 (1991); Whitehead v. Johnson, 157

---

[1]Section 2254 provides, in relevant part, that:

(b)    (1)An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)    (i) there is an absence of available State corrective process; or
       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

   (3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b-c)(1996).

F.3d 384, 387 (5th Cir. 1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. Edwards, 120 S.Ct. at 1587; see also Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999); Whitehead, 157 F.3d at 387. Petitioner has not met this requirement as to his claim because he failed to appeal successfully the denials of his applications for relief from the Circuit Court of Sunflower County to the Mississippi Supreme Court. No relief would now be available because the state appellate deadlines have run. Accordingly, this petition should be dismissed because the Petitioner has failed to exhaust state remedies.

However, if the Petitioner can show either "cause" for default and "actual prejudice," or that this court's refusal to address the procedurally-barred claim would result in a fundamental miscarriage of justice, the federal courts may address his petition. See Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995). To satisfy the "cause" standard, the petitioner must show that "some objective factor external to the defense" impeded his compliance with Mississippi's procedural rules. McClesky v. Zant, 499 U.S. 467, 493 (1991).

Although the Petitioner argues that the Mississippi Supreme Court's denial of his application to proceed *in forma pauperis* on appeal foreclosed his appeal rights, such argument does not establish "cause." Under Mississippi law, except in cases of post-conviction relief, a prisoner has no constitutional or state statutory conferred right to *in forma pauperis* status on appeal in civil cases. Moreno v. State, 637 So. 2d 200, 202 (1994). Moreover, other federal courts in Mississippi have rejected the argument that the Petitioner's failure to pay appeal costs or the state court's denial of a motion to proceed *in forma pauperis* on appeal in state court in a civil case establishes "cause." See Ruff v. Bradley, 2007 WL 670952 (N.D. Miss. Feb. 28, 2007)(finding in a § 2254 case challenging the loss of earned time that review of the petition was procedurally barred because Petitioner had failed to pay the appeal fee as required by the Mississippi Supreme Court, and thus he had failed to exhaust state remedies.); see also Russell v. King, 2010 WL 3786579 (S.D. Miss. Sept. 21, 2010 )(citing Ruff and

finding in a § 2254 case challenging the denial of parole eligibility that the Petitioner failed to exhaust his state remedies when he failed to pay the Mississippi Supreme Court's appeal fee, therefore review of the petition in federal court was procedurally barred.). Accordingly, because Petitioner has failed to show "cause" for his default, the Court need not examine whether "actual prejudice" exists. Herbst v. Scott, 42 F.3d 902, 906 (5th Cir.), cert. denied, 115 S.Ct. 2590 (1995).

The next step in this determination is whether Levy's procedural default on these claims may be excused by a demonstration that failure to consider his claims will result in a fundamental miscarriage of justice. These cases "are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." McClesky, 499 U.S. at 494. This standard requires the petitioner to make a "'colorable showing of factual innocence.'" Herrera v. Collins, 113 S.Ct. 853, 862 (1993)(quoting Kuhlman v. Wilson, 477 U.S. 436, 454 (1986)).

In this case, the Petitioner has failed to show that he is "innocent;" that is, he has failed to show that he is entitled by state law to the "Trusty Earned Time" which he alleges was wrongfully taken away from him. Pursuant to Williams v. Puckett, 624 So. 2d 496 (Miss. 1993), and Miss. Code Ann. § 47-5-139(1)(e), the Mississippi Department of Corrections stopped granting inmates earned time on the mandatory portion of armed robbery sentences as of May 14, 1992. Because Petitioner is serving two consecutive armed robbery sentences, he must consecutively serve two mandatory terms of ten years each, and thus, as calculated by the State, the earliest date he would be eligible for parole is January 2, 2014. Furthermore, pursuant to Williams, he cannot "earn" good time during the service of mandatory time. Williams, 624 So. 2d at 500. Accordingly, as calculated by the State, he will tentatively begin accruing "good time" on January 2, 2014. Thus, the Petitioner has failed to show that he is "innocent." In other words, the State did not err in its calculation of his parole eligibility date, therefore this Court's refusal to consider his arguments on the merits due to Levy's procedural default of his claims will not result in a fundamental miscarriage of justice.

III. CONCLUSION

In sum, Levy has failed to exhaust his State remedies, and he has procedurally defaulted his claim. Moreover, he has failed to show "cause" for his default and "actual prejudice," or that a refusal by this Court to address his procedurally-barred claim will result in a fundamental miscarriage of justice. Accordingly, for the reasons stated above, the Petition should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 14th day of April, 2011.

                                              /s/ F. Keith Ball
                                      UNITED STATES MAGISTRATE JUDGE